JAMES T. GARDNER, plaintiff in error, *vs.* ELIZABETH H. CROCKETT, defendant in error.

Mrs. Crockett, in right of herself and children, filed a bill in equity against her husband, as trustee, and the plaintiff in error, Gardner, and alleged that she was possessed of an estate in lands, settled upon her and her children, with right of trustee to sell and invest by her consent; that he sold, with her consent, for $8,000, and without her consent, bought another place from Gardner, and without her consent, mortgaged that place to Gardner; that the trade was made through one McLaws, as agent, who turned over to Gardner the proceeds of the first place in part payment of the latter place; that McLaws misrepresented the condition of the land in respect to timber and value to her trustee, and sold it to him at more than double its value; that the trustee did not even look at it, but accepted the deed and gave the mortgage; that some mules and personalty were bought at the same time, and included in the mortgage; that Gardner had full knowledge of the want of power in her trustee to buy and mortgage without her consent, and of the fact that she protested against the trade at the time, and refused to sign the mortgage; that the ,mortgage, on which several thousand dollars is still due, has been foreclosed and execution levied on the personalty, and a rule *nisi* granted to foreclose as to the realty; that the trustee resides in Screven, and Gardner, in Richmond county; she prayed either that the true value of the land be ascertained, which is not more than already paid, and that the mortgage be forever enjoined, or that the deeds be all canceled, the trade annulled, and the proceeds of sale of her and her children's lands, be turned over to her by the said Gardner, he reserving enough to pay for the personalty which, from its perishable nature, is not worth what it was when bought by her trustee, while the land is as valuable now as then; or that such other relief be granted herself and children as is equitable and just, she offering to do whatever may be right on her part. To the bill, alleging substantially the foregoing facts, a demurrer was filed, to the effect that the court had no jurisdiction as to Gardner; that there was no equity in the bill, and that the complaint was stale inasmuch as five years had elapsed, as appeared from the bill, since the sale and before the bill was filed.

The bill of exceptions shows that the question of jurisdiction was waived, and error was assigned only on the want of equity and the lapse of time.

*Held,* that there is equity in the bill, and the delay not so great as to estop complaint on the part of the *feme covert,* and her infant children, and that the demurrer was properly overruled.

JACKSON, Judge.